IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HOERNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 20-975 |

O R D E R

AND NOW, this 22nd day of March, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's argument centers around the findings of the Administrative Law Judge ("ALJ") in regard to his alleged mental health issues.  Plaintiff asserts that the ALJ's finding that his mental impairments were not severe was based on an incomplete record because the record

1

contained no opinion evidence relevant to his mental impairments. He therefore contends that the ALJ failed in her duty to fully and fairly develop the record in this case, primarily because she did not request an opinion from his treating mental health care providers and did not request a consultative examination and/or review of the record. The Court disagrees and finds that the ALJ fully developed the record and that her finding that Plaintiff is not disabled is supported by substantial evidence.

Plaintiff is correct that, although it is his burden to supply evidence in support of his claim, the ALJ has a duty to develop a full and fair record in a social security case. *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995); *Carmichael v. Barnhart*, 104 Fed. Appx. 803, 805 (3d Cir. 2004); 20 C.F.R. §§ 404.1512(a) and (b); *Money v. Barnhart*, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). Nonetheless, the Court finds that the ALJ fulfilled her duty to do so here. Specifically, the Court finds no basis for finding that the record was such that the ALJ could not render a decision without seeking additional opinion evidence.

Plaintiff first argues that the ALJ should have augmented the record by re-contacting Plaintiff's treating mental health care providers. While an ALJ may re-contact a physician, he or she generally will do so only if the evidence is insufficient to determine disability or if the evidence is so inconsistent that the ALJ cannot reach a conclusion. *See* 20 C.F.R. § 404.1520b; *see also Moody v. Barnhart*, 114 Fed. Appx. 495, 501 (3d Cir. 2004) (explaining that it was not necessary for the ALJ in that case to re-contact a treating psychiatrist because the medical records contained sufficient evidence for the ALJ to make a decision); *Hartman v. Colvin*, No. 02:13-cv-265, 2014 WL 1784084, at *9 (W.D. Pa. May 5, 2014) (finding that the ALJ was not required to re-contact a physician where there was no discrepancy in the record that the ALJ needed to resolve). Nothing in the record here demonstrates any such insufficiency or inconsistency. Plaintiff's mental health care providers' clinical notes are already part of the record (*See* Exs. 10F, 12F, 17F,19F), as are the psychological findings included in Plaintiff's Workers' Compensation Board Examination (Ex. 29F), and records from Plaintiff's voluntary inpatient psychiatric treatment at Nassau University Medical Center (Ex. 34F). The ALJ specifically and thoroughly addressed all of these records. (R. 20-21, 24-26). Plaintiff's only real argument as to why these records were insufficient is to provide his own interpretation and analysis of the evidence. However, it is not a federal court's role to reweigh the evidence or to reverse, merely because it would have decided the claim differently. *See Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). The ALJ's consideration of the evidence was thorough and in no way suggested the need for additional opinion evidence from Plaintiff's mental health care providers.

Plaintiff further suggests that the ALJ erred in not ordering a consultative examination to be performed in regard to the functional limitations caused by his mental health impairments. However, while an ALJ ***may*** order a consultative examination to resolve an inconsistency or if the record is insufficient to render a decision, he or she is generally not required to do so. *See* 20 C.F.R. §§ 404.1519a, 404.1520b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a

prognosis' cannot be obtained from the claimant's medical sources." *Tuulaupua v. Colvin*, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1519a(a) and (b)). Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the claimant's] claim." 20 C.F.R. § 404.1519a(b). The decision whether to order such an examination is within the sound discretion of the ALJ. *See Thompson*, 45 Fed. Appx. at 149. This decision "should be firmly rooted in an assessment of the evidence as a whole." *Woodman v. Berryhill*, Civ. No. 3:17-cv-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018). For essentially the same reasons stated above, there was no insufficiency or inconsistency in the record that would suggest the need for a consultative examination and/or review of the record. This is particularly true given an ALJ's broad discretion in regard to this issue.

In short, the record here was not lacking in objective clinical findings as to Plaintiff's mental health; what it lacked was an opinion regarding Plaintiff's functional limitations. To the extent that Plaintiff believed an opinion from one of his treating physicians was probative, he certainly could have attempted to obtain one. The Court cannot find, though, that the lack of such opinion evidence necessitated a consultative examination or that it required the ALJ to re-contact Plaintiff's treating providers. The objective medical evidence in this case was quite extensive, and the only "inconsistency" Plaintiff identifies is the inconsistency between his own evaluation of the evidence and that of the ALJ. Under these circumstances, the Court finds that substantial evidence supports the ALJ's exercise of her discretion.

Although not directly stated, underlying Plaintiff's argument seems to be a suggestion that an ALJ's findings must be based on a particular medical opinion. However, the Court emphasizes that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making a disability assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007); 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). The ALJ's discussion of how she made the determination here was more than sufficient, and the Court holds that substantial evidence supports her findings.

Finally, the Court notes that Plaintiff seems to imply that the ALJ's finding that his mental health impairments were not severe at Step Two of the five-part sequential analysis further necessitates remand. However, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. *See Salles v. Comm'r*

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 17) is DENIED and that Defendant's Motion for Summary Judgment (document No. 19) is GRANTED as stated herein.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

*of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted,* No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019).  Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's mental health impairments to be non-severe.

What matters is whether the ALJ properly accounted for any such issues in formulating Plaintiff's residual functional capacity ("RFC").  In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996).  *See also* 20 C.F.R. § 404.1545(a)(2).  "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5.  Accordingly, merely because the ALJ did not find Plaintiff's mental health conditions to be severe impairments does not mean that these conditions could not still have affected Plaintiff's RFC.  However, the ALJ expressly stated that she ***did*** consider Plaintiff's non-severe mental health impairments in formulating the RFC. (R. 21).  Her discussion of these conditions, in fact, was particularly thorough. (R. 20-21, 24-26).  Indeed, she included a specific limitation in the RFC – the restriction to unskilled work – to account for these impairments. (R. 26).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.